IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DANIEL LEE KNOD | § | |
| v. | § | CIVIL ACTION NO. 6:11cv342 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Daniel Knod, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Knod was charged with the disciplinary offense of failing to obey an order on March 7, 2011, in that he was continuously ringing the bell at B Turnout and then refused to return to the building as ordered by Lt. Green. A hearing was held on March 10, 2011, at which Knod did not appear. He was found guilty and sentenced to 45 days of cell and commissary restriction, reduction in classification status, and the loss of 30 days of good time credits.

Knod appealed the disciplinary case through the prison grievance procedures, saying that he never received the opportunity to attend the hearing, Lt. Green did not attempt informal resolution, and had he been allowed to attend the hearing, he would have shown that he was trying to get to his college class but was refused entrance to the building and told to go back by the B Turnout officer. The disciplinary conviction was upheld through both steps of the grievance procedure.

1

In his federal habeas petition, Knod said that a new policy required that inmates wait in the sallyport area from 4 p.m. to 5 p.m. in order to attend their 6 p.m. class. However, when he and other officers arrived at 4 p.m., Officer Anjorin would not let them into the sallyport and told them to go back to P-6, their housing area. Knod complained about this, saying that if the inmates left, they would miss their classes, and the sallyport was the designated waiting area. Nonetheless, Anjorin refused to let them in.

A few minutes later, Anjorin let all of the inmates into the sallyport except for Knod, whom he ordered to return to P-6. As Knod was heading back to P-6, he says that he saw Lt. Green running at him. Green would not listen to him, but took him to G-wing, pre-hearing detention.

Knod complained that he was supposed to graduate from his computer programming course on March 252011, but instead has been dropped from his educational and vocational programs without a hearing.

On March 9, Knod says that he was served a copy of the offense report by a counsel substitute named Hawkins. He asked for witnesses, but did not know their names and said that Hawkins would have to look them up. Hawkins replied that that was not her job.

The next day, Knod says that the wing officer woke him up and told him to get ready for major court. However, the officer never came back to get him. As a result, the hearing was held in his absence. He complains that he was dropped from his classes although "denial of educational opportunities" is not a proper punishment and says that he would have testified that he never heard Green issue any orders; based on this evidence and on his statement that he was trying to get to his cell, Knod says that had he been allowed to attend the hearing, he probably would have been found not guilty based on a preponderance of the evidence.

The Respondent answered the petition and argued that two of Knod's claims, that he was dropped from his educational courses without a hearing and no facts existed to support his confinement in pre-hearing detention, were not exhausted, and that all of his claims were without merit. Knod filed a reply to the answer.

After review of the pleadings and the state records, including a recording of the disciplinary hearing, the Magistrate Judge issued a Report recommending that Knod's petition be dismissed. The Magistrate Judge concluded that the finding that Knod had refused to attend the hearing was supported by "some evidence" in the form of the statement at the hearing by counsel substitute Lamberth that she had contacted Knod on the morning of the hearing to ask if he wanted to attend and he said no. The Magistrate Judge also determined that there was sufficient evidence to support the finding of guilt, that there was no constitutional requirement that prison officials attempt informal resolution and the record shows that such resolution was attempted in any event, and that Knod's claims of being dropped from his educational classes and being placed in pre-hearing detention were procedurally defaulted and lacked merit. The Magistrate Judge also recommended that Knod be denied a certificate of appealability *sua sponte*.

Knod filed objections to the Report of the Magistrate Judge on January 23, 2012. In his objections, Knod argues first that Lamberth did not contact him on the morning of the hearing and in fact was not assigned to his case at all. He says that he never discussed his case with Lamberth and that this is the first he has heard about Lamberth being assigned to his case. Knod asserts that Lamberth lied about having contacted him, the hearing officer failed to independently assess the authenticity of her statements, and that there is no evidence to support her assertion that she contacted him and that he refused to attend.

The disciplinary hearing officer found that Knod had refused to attend the hearing. This finding is supported by some evidence in the record, in the form of Lamberth's statement. While Knod argues that this statement was not true, the federal court cannot conduct a *de novo* factual review of a prison disciplinary hearing and make the credibility findings that the prisoner believes more appropriate. Smith v. Rabelais, 659 F.2d 539, 545 (5th Cir.1981). As the Magistrate Judge said, Knod's claims that he wanted to attend the hearing but that the wing officer never returned for him are simply bald assertions, unsupported and unsubstantiated by anything else in the record, and thus lack probative value. Ross v. Estelle, 694 F.2d 1008, 1011-12 and n.2 (5th Cir.

3

1983). Inmates cannot assure themselves of federal habeas corpus review of prison disciplinary cases by the simple expedient of claiming that they were not allowed to attend, where such claims lack support in the record. This objection is without merit.

Next, Knod argues that Moody v. Miller, 864 F.2d 1178 (5th Cir. 1989), the Fifth Circuit decision allowing for disciplinary hearings *in absentia* where the inmate is absent due to no fault of prison officials, "appears to have been abrogated," citing Wilkinson v. Austin, 125 S.Ct. 2384 (2005) and Swarthout v. Cooke, 131 S.Ct. 859 (2011). Wilkinson involved the placement of inmates in a "supermax" facility in Ohio, and the informal, non-adversarial procedures employed by the State were held to be sufficient to safeguard the inmate's liberty interest in not being assigned to that facility. Swarthout reversed the granting of habeas corpus relief to an inmate challenging the denial of parole in California, a state in which, unlike Texas, inmates have a liberty interest in release on parole. Neither of these cases involves prison disciplinary proceedings at all, much less abrogates the Fifth Circuit's decision in Moody. This objection is without merit.

Third, Knod complains that Officer Anjorin was not listed as a witness, nor were any of the other inmates who were there, in violation of TDCJ requirements that the description of the facts of the offense shall include all witnesses. He says that this failure caused him to be unable to prepare a defense because he did not know the names of the witnesses. Knod states that these witnesses would have testified that he ceased activating the bell and was returning to P-6, and that he "clearly did not hear Lt. Green give any new order." He does not explain how any inmate witnesses could have testified whether or not Knod heard Green give an order.

This is particularly true in light of the fact that according Knod's version of events, Anjorin allowed all of the other inmates to go to their classes, and only ordered Knod to return to P-6. It was after this happened, Knod says, that Lt. Green ran at him. Thus, Knod's own version of events shows that the inmates whom he wanted to call as witnesses had already gone to their classes inside the building when he, Knod, was approached by Lt. Green outside the building. Knod has not

shown a constitutional violation in the fact that all of the witnesses were not listed in the description of the offense. His objection on this point is without merit.

In a related claim, Knod asserts that these witness statements were "exculpatory and mitigating evidence" which was "excluded without cause or explanation." He does not point to any actual witness statements, but simply speculates that if he could have contacted Officer Anjorin and the other inmates who had been in the sallyport, they would have testified in his favor. Speculation as to what potential witnesses might or might not have said is not evidence, and no explanation is necessary for the exclusion of witness statements which did not exist. Knod's objection on this point is without merit.

Knod concedes that there is no constitutional requirement that prison officials attempt informal resolution, but believes that he has a "state created liberty interest" in the informal resolution process, because the prison rules place substantive limitations on official discretion in a disciplinary situation that inevitably affects the duration of his sentence. No case has held that inmates have a "state created liberty interest" in informal resolution; on the contrary, the cases have uniformly held that there is no constitutional right to informal resolution, nor is there a constitutionally protected liberty interest in having officials undertake this procedure. Tennyson v. Cockrell, civil action no. 7:00cv200, 2003 WL 1994227 (N.D.Tex., April 30, 2003, no appeal taken); Chambers v. Roy, civil action no. 5:10cv16, 2010 WL 5621283, *Report adopted at* 2011 WL 195635 (E.D.Tex., January 20, 2011, no appeal taken). Knod's objection on this point is without merit.

Knod goes on to argue that he had a "property interest" in not being suspended from his college classes for which he is being charged without a pre-deprivation hearing. As the Magistrate Judge said, however, the Supreme Court's decision in Sandin v. Conner, 115 S.Ct. 2293 (1995), liberty interests protected by the Due Process Clause generally consist of freedom which restraint which exceed the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, or which impose atypical and significant hardships upon the inmate in relation to the ordinary incidents of prison life. Under this standard, the Magistrate

Judge concluded that Knod did not have a liberty or property interest in his educational opportunities. While Knod maintained that he did have a property interest in these opportunities, he cited authority which was either pre-Sandin or otherwise not applicable; instead, he seeks to distinguish Sandin by saying that that decision concerned deprivations of liberty, not property, He cites Bulger v. U.S. Bureau of Prisons, 54 F.3d 48, 50 (5th Cir. 1995), but in fact that decision applied Sandin to deprivations of property as well as liberty. This objection is without merit.

Knod asserts again that "loss of educational opportunities" is not listed as a punishment in this case and argues that if such a claim is not properly brought in habeas corpus, it should be severed out. He did not address the Magistrate Judge's conclusion that this claim had not been exhausted. The loss of educational opportunities is a collateral consequence of suffering a disciplinary case which results in cell confinement making it impossible to attend classes. Severing an unexhausted claim would serve no purpose because a separate Section 1983 lawsuit complaining of the denial of educational opportunities would also be subject to dismissal for failure to exhaust. Knod's objection on this point is without merit.

Finally, Knod complains of his confinement in pre-hearing detention, saying that he had a liberty interest in having an "accurate reflection of his potential for rehabilitation" and a property interest in not being suspended from college classes. He says that his placement in administrative segregation "affected the duration of his sentence" without procedural protections and points out that the Respondent acknowledged that the taking of his good time infringed upon a protected liberty interest. However, the taking of his good time was the result of the disciplinary case itself, not his placement in pre-hearing detention prior to the hearing of the case. This placement in pre-hearing detention was of only brief and temporary duration, inasmuch as he was placed in that status on March 7, 2011, the date of the disciplinary offense, and the disciplinary case heard on March 10, only three days later. The good time itself was taken as part of the disciplinary case, for which a pre-deprivation hearing was held. Knod also does not address the Magistrate

Judge's conclusion that he did not exhaust his administrative remedies on his complaint regarding placement in pre-hearing detention. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in the cause, including the original petition, the answer of the Respondent, the state records, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings and documents in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Daniel Knod is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all other motions which may be pending in this civil action, specifically including but not limited to the Petitioner's motion for summary judgment and motion for "reconsideration" of the Report and Recommendation (docket no. 12) are hereby DENIED.

**It is SO ORDERED.**

**SIGNED this 2nd day of February, 2012.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE